IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PNC BANK, NATIONAL ASSOCIATION, :
S/B/M TO NATIONAL CITY MORTGAGE,
A DIVISION OF NATIONAL CITY BANK :
249 Fifth Avenue
Pittsburgh, PA 15222-2707
                                                                      :
        Plaintiff,                                            :

        v.                                                    :     Case No.: PWG 17 CV 3239

RODNEY HUNTER, SR.                                :
7905 Echols Avenue
Lanham, MD 20706

And                                                           :

TAWANA M. HUNTER                                 :
7905 Echols Avenue
Lanham, MD 20706

And                                                           :

LAWYERS TITLE REALTY SERVICES, :
INC.
2701 Emerywood Parkway, Suite 200
Richmond, VA 23294                                :

        Serve: CT Corporation System        :
        4701 Cox Road, Suite 285
        Glen Allen, VA 23060

                                                                      :
UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT :
451 Seventh Street, SW
Washington, DC 20410                            :

        Serve: Jefferson B. Sessions III,        :
        Attorney General of the United States
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20530-0001

---

McNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

And                                                        :

      Serve: Steven Schenning,                    :
      Acting United States Attorney
      36 S. Charles Street, 4th Floor              :
      Baltimore, MD 21201
                                                  :
And
                                                  :
**DR. BENJAMIN S. CARSON, SR.**
Acting Secretary of the Department of                      :
Housing and Urban Development
451 7th Street, S.W.                                       :
Washington, DC 20410
                                                  :
      Serve: Jefferson B. Sessions III,
      Attorney General of the United States       :
      950 Pennsylvania Avenue, N.W.
      Washington, D.C. 20530-0001
                                                  :
And
                                                  :
      Serve: Steven Schenning,
      Acting United States Attorney               :
      36 S. Charles Street, 4th Floor
      Baltimore, MD 21201                         :

      Defendants.                                 :

## **COMPLAINT**

The Plaintiff, PNC Bank, National Association, s/b/m to National City Mortgage, a division of National City Bank ("PNC"), by and through its attorneys, Mark W. Schweitzer, Clifford B. Glover III, and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., files this Complaint and sues the Defendants, Rodney Hunter, Sr. ("Mr. Hunter"), Tawana M. Hunter ("Mrs. Hunter"), Lawyers Title and Realty Service, Inc. ("Trustee"), the United States Department of Housing and Urban Development ("HUD"),

2

and Dr. Benjamin S. Carson, Sr., as Acting Secretary of the Department of Housing and Urban Development ("Secretary of HUD"), and in support thereof, states the following:

## PRELIMINARY STATEMENT

1. This is an action in equity seeking a declaratory judgment and other relief regarding a property in Prince George's County, Maryland commonly known as 7905 Echols Avenue, Lanham, Maryland 20706 (the "Property"). Questions exist concerning the effect of three deeds of trust that are attached to the Property.

2. Pursuant to Maryland Rule 12-102, since this action affects title to or an interest in real property located in the State of Maryland, the filing of this Complaint constitutes a *lis pendens* on and against the Property.

## PARTIES

3. PNC is a mortgage lender and it has an interest in the real property and improvements that are the subject of this case. PNC is the current holder of a loan that was promised to be secured by a first-priority lien on the entire Property.

4. Mr. Hunter is an adult resident of Prince George's County, Maryland, a record owner of the Property and the borrower on a loan currently held by PNC. Mr. Hunter is being sued only *in rem* in this action; PNC does not seek any money judgment from Mr. Hunter. Mr. Hunter is only a nominal party in this action.

5. Mrs. Hunter is an adult resident of Prince George's County, Maryland and a record owner of the Property. Mrs. Hunter is being sued only *in rem* in this action; PNC does not seek any money judgment from Mrs. Hunter.

6. Trustee is a Virginia Corporation with its principle place of business in

Richmond, Virginia. Trustee is listed as trustee on a Deed of Trust ("DOT") granted by Mr. Hunter to National City Bank (now PNC) in the original principal amount of $213,839.00, dated January 21, 2009 and recorded on February 13, 2009 among the Land Records for Prince George's County, Maryland in Liber 30362 at folio 110. The DOT purports to be secured by the Property. Trustee is also listed as a trustee on a Subordinate Deed of Trust granted by Mr. Hunter to HUD in the original principal amount of $36,869.23, dated July 2, 2015 and recorded on August 22, 2015 among the Land Records of Prince George's County, Maryland in Liber 37356 at folio 323 ("HUD DOT"). The HUD DOT purports to be secured by the Property. PNC is not seeking a money judgment against Trustee and has only included Trustee in this proceeding as it may have an interest in the Property.

7. HUD is a cabinet level department of the United States federal government. HUD is listed as a beneficiary on the HUD DOT. PNC is not seeking a money judgment against HUD and has only included HUD in this proceeding as it may have an interest in the Property. The Secretary of HUD is listed as a beneficiary on the HUD DOT. The Secretary of HUD is being sued in this case in his official capacity only. No part of this Complaint is directed at the Secretary of HUD individually. PNC is not seeking a money judgment against the Secretary of HUD and has only included the Secretary of HUD in this proceeding as it may have an interest in the Property.

**JURISDICTION AND VENUE**

8. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1332, 1346, and 1367.

9.   Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1402.

## FACTS

10.   Pursuant to a Deed ("Vesting Deed") dated January 16, 2004, Mr. and Mrs. Hunter became the owners of the Property as tenants by the entirety. Said Deed was recorded on May 21, 2004 among the Land Records of Prince George's County, Maryland in Liber 19548 at folio 587.

11.   In 2009, Mr. Hunter sought to and did refinance the mortgage on his home by obtaining a loan from PNC in the principle amount of $213,839.00 ("Subject Loan").

12.   On or about January 21, 2009, a closing ("Subject Closing") was conducted in the ordinary course for the Subject Loan requested by Mr. Hunter.

13.   Both Mr. and Mrs. Hunter were present at the Subject Closing.

14.   At the Subject Closing, Mr. Hunter signed a Promissory Note in the amount of $213,839.00 dated January 21, 2009 ("Subject Note") agreeing to repay the Subject Loan.

15.   At the Subject Closing, Mr. Hunter executed a Deed of Trust ("Subject DOT") dated January 21, 2009 in the original principal amount of $213,839.00 in favor of National City Mortgage (now PNC) agreeing to secure the Subject Loan with a first-priority lien on the Property. Said Subject DOT was recorded on February 13, 2009 among the Land Records for Prince George's County, Maryland in Liber 30362 at folio 110. A true and accurate copy of the Subject DOT is attached hereto as Exhibit A.

16.   It was the intention of the parties that Mrs. Hunter would also sign the Subject DOT, but for reasons unknown Mrs. Hunter did not sign the Subject DOT.

17. Pursuant to instructions from Mr. Hunter, proceeds arising from the Subject Loan were used to and did pay off the loans associated with the then-existing liens on the Property. To evidence such, Mr. Hunter executed a HUD-1 Settlement Statement ("HUD-1") authorizing these disbursements. A true and accurate copy of the HUD-1 is attached hereto as Exhibit B.

18. The proceeds of the closing satisfied two prior deeds of trust. Proceeds from the Subject DOT paid $129,434.12 to satisfy the first prior deed of trust ("Prior DOT 1") dated July 14, 2004 and recorded on July 20, 2005 in the Land Records of Prince George's County, Maryland in Liber 22542 at folio 270; and paid $77,407.44 to satisfy the second prior deed of trust ("Prior DOT 2") dated June 7, 2006 and recorded on April 6, 2007 in the Land Records of Prince George's County, Maryland in Liber 27570 at folio 574.

19. Prior DOT 1 and Prior DOT 2 were signed both by Mr. and Mrs. Hunter.

20. A Certificate of Satisfaction for Prior DOT 1 was executed on January 28, 2009 and recorded on February 5, 2009 among the Land Records for Prince George's County, Maryland in Liber 30340 at folio 116.

21. A Certificate of Satisfaction for Prior DOT 2 was executed on January 29, 2009 and recorded on February 4, 2009 among the Land Records for Prince George's County, Maryland in Liber 30334 at folio 423.

22. On or about July 2, 2015, Mr. Hunter and PNC entered into a Loan Modification Agreement (Deed of Trust) to modify the Subject Loan, Subject Note and Subject DOT ("Modified Subject DOT"). The modification was a reduction in the

original principal balance of the Subject DOT pursuant to a HUD partial claim. The Modified Subject DOT was recorded on September 28, 2015 among the Land Records of Prince George's County, Maryland in Liber 37448 at folio 328. A copy of the Modified Subject DOT is attached hereto as Exhibit C.

23. As a part of his loan modification, Mr. Hunter granted a Subordinate Deed of Trust ("HUD DOT") dated July 2, 2015 in the original principal amount of $36,869.23 in favor of the Secretary of Housing and Urban Development. The HUD DOT was recorded on August 22, 2015 among the Land Records of Prince George's County in Liber 37356 at folio 323 and is a second-priority lien on and against the Property. A copy of the HUD DOT is attached hereto as Exhibit D. The HUD DOT is flawed for want of a signature from Mrs. Hunter.

24. PNC is the current holder of the Subject Note associated with the Subject DOT and Modified Subject DOT.

25. The Subject DOT and Modified Subject DOT are flawed for want of a signature by Mrs. Hunter.

## COUNT I
## REFORMATION

The Plaintiff, PNC, incorporates by reference each and every allegation contained in Paragraphs 1 through 25 hereof as if stated at length herein and alleges further:

26. The Subject DOT and Modified Subject DOT contain a mutual mistake of fact.

27. The mutual mistake of fact is that Mrs. Hunter did not execute the Subject

DOT and Modified Subject DOT in order to secure the Subject Loan with a first-priority lien on the Property despite every intention to do so.

28.     All of the parties to the Subject DOT relied upon the belief that Mrs. Hunter was signing the Subject DOT and Modified Subject DOT.  This includes Mr. Hunter in intending to grant a first-priority lien on the entire Property to PNC.  In addition, PNC relied upon the belief that Mrs. Hunter was signing the Subject DOT and Modified Subject DOT in granting the Subject Loan.

29.     The Subject DOT and Modified Subject DOT that were recorded are not the instruments intended by the parties as they are missing the signature of Mrs. Hunter.

30.     It was the intention of the parties that the Subject DOT and Modified Subject DOT would contain the signature of Mrs. Hunter.

WHEREFORE, the Plaintiff, PNC Bank, National Association, s/b/m to National City Mortgage, a division of National City Bank, respectfully requests this Honorable Court to:

    A. Reform the Subject DOT and Modified Subject DOT to include the signature of Mrs. Hunter; and

    B. Grant PNC such other and further relief as is deemed appropriate.

## COUNT II
### DECLARATORY JUDGMENT

The Plaintiff, PNC, incorporates by reference each and every allegation contained in Paragraphs 1 through 30 hereof as if stated at length herein and alleges further:

31.     This count is for declaratory relief pursuant to 28 U.S.C. § 2201.

32. PNC has an interest in the Subject DOT and Modified Subject DOT and title to the Property as it is the holder of the Subject Loan, Subject Note, Subject DOT and Modified Subject DOT.

33. An issue exists as to whether or not the Subject DOT and Modified Subject DOT are valid and enforceable liens on the entire Property.

34. Actual controversies of judiciable issues exist between the parties to this case within the jurisdiction of this Court involving the rights and liabilities of the parties pursuant to the Subject DOT, Modified Subject DOT and other written documents.

35. Antagonistic claims are present between the parties and those claims indicate imminent and inevitable litigation.

36. A declaratory judgment by this Court will terminate this controversy.

WHEREFORE, the Plaintiff, PNC Bank, National Association, s/b/m to National City Mortgage, a division of National City Bank, respectfully requests this Honorable Court to:

A. Adjudicate and determine the rights and liabilities of the Parties with respect to the ownership of the real property and improvements commonly known as 7905 Echols Avenue, Lanham, Maryland 20706, the liens thereon, and the priority of those liens;

B. Determine and hold that Mr. and Mrs. Hunter are owners of the real property and improvements commonly known as 7905 Echols Avenue, Lanham, Maryland 20706 subject to a first-priority lien on that property pursuant to the terms and conditions contained in the Subject DOT

dated January 21, 2009 and recorded on February 13, 2009 among the Land Records for Prince George's County, Maryland in Liber 30362 at folio 110, subject to the Modified Subject DOT;

C. Determine and hold that Mr. and Mrs. Hunter are owners of real property and improvements commonly known as 7905 Echols Avenue, Lanham, Maryland 20706 subject to a first-priority lien on that property pursuant to the terms and conditions contained in the Modified Subject DOT dated July 7, 2015 and recorded on September 28, 2015 among the Land Records of Prince George's County, Maryland in Liber 37448 at folio 328;

D. Determine and hold that the Subject DOT dated January 21, 2009 (Exhibit A) executed by Mr. Hunter, in the original principal amount of $213,839.00, is a valid and enforceable lien on the entire real property and improvements commonly known as 7905 Echols Avenue, Lanham, Maryland 20706, subject to the Modified Subject DOT;

E. Determine and hold that the Modified Subject DOT dated July 7, 2015 (Exhibit B) executed by Mr. Hunter, in the unpaid principal balance of $175,770.66, is a valid and enforceable lien on the entire real property and improvements commonly known as 7905 Echols Avenue, Lanham, Maryland 20706;

F. Determine and hold that the HUD DOT dated July 2, 2015 (Exhibit C) executed by Mr. Hunter in the principal amount of $36,869.23 is a valid

and enforceable second-priority lien on and against the entirety of the real property and improvements commonly known as 7905 Echols Avenue, Lanham, Maryland 20706; and

G. Grant PNC such other and further relief as is deemed appropriate.

## COUNT III
### EQUITABLE SUBROGATION

The Plaintiff, PNC, incorporates by reference each and every allegation contained in Paragraphs 1 through 36 hereof as if stated at length herein and alleges further:

37. At the time of the Subject Closing, the Property was encumbered by then-existing liens on the Property.

38. Proceeds in the amount of $206,841.56 from the Subject Loan associated with the Subject DOT were paid to satisfy the then-existing liens on the Property.

39. Pursuant to the doctrine of equitable subrogation, the Subject DOT obtains the priority and position of the then-existing liens on the Property as a result of proceeds from the Subject Loan satisfying the then-existing liens on the Property, subject to the Modified Subject Loan.

WHEREFORE, the Plaintiff, PNC Bank, National Association, s/b/m to National City Mortgage, a division of National City Bank, respectfully requests this Honorable Court to:

A. Enter a Judgment holding that the Subject DOT possesses a first-priority lien on and against the entire Property, subject to the Modified Subject Loan; and

11

B.  Grant PNC such other and further relief as is deemed appropriate.

## COUNT IV
### EQUITABLE LIEN

The Plaintiff, PNC, incorporates by reference each and every allegation contained in paragraphs 1 through 39 hereof as if fully stated herein and alleges further:

40. On or about January 21, 2009, Mr. Hunter requested the Subject Loan to refinance the then-existing liens on the Property.

41. First National Bank granted the Subject Loan on the condition that the repayment of the Subject Loan would be secured by a first-priority lien on the entire Property.

42. At the Subject Closing, Mr. Hunter promised to provide a valid and enforceable first-priority lien on the entire Property in order to secure repayment of the Subject Loan.

43. If it is determined that the Subject DOT or Modified Subject DOT lacks some formal requirement, then PNC is entitled to an equitable lien.

WHEREFORE, the Plaintiff, PNC Bank, National Association, s/b/m to National City Mortgage, a division of National City Bank, respectfully requests that this Honorable Court:

A.  Enter a decree holding that PNC holds an equitable first-priority lien on the Property subject to the terms and conditions in the Subject DOT and Modified Subject DOT; and

B.  Grant PNC such other and further relief as is deemed appropriate.

## COUNT V
### CONSTRUCTIVE TRUST

The Plaintiff, PNC, incorporates by reference each and every allegation contained in Paragraphs 1 through 43 hereof as if stated at length herein and alleges further:

44. At the time of the Subject Closing, the Property was encumbered by then-existing liens on the Property.

45. Proceeds in the amount of $206,841.56 from the Subject Loan associated with the Subject DOT were paid to satisfy the then-existing liens on the Property.

46. Both Mr. and Mrs. Hunter benefitted from the satisfaction of Prior DOT 1 and Prior DOT 2.

47. It would be inequitable for Mr. and Mrs. Hunter to directly benefit from the satisfaction of Prior DOT 1 and Prior DOT 2 with no recourse. This would amount to unjust enrichment.

48. PNC has a higher equitable call on the Property than Mrs. Hunter.

WHEREFORE, the Plaintiff, PNC Bank, National Association, s/b/m to National City Mortgage, a division of National City Bank, respectfully requests that this Honorable Court:

    A. Charge upon Mr. and Mrs. Hunter a constructive trust of the property commonly known as 7905 Echols Avenue, Lanham, Maryland 20706, subject to the Subject DOT and Modified Subject DOT; and

    B. Grant PNC costs and such other and further relief as is deemed appropriate.

Respectfully submitted,

McNAMEE, HOSEA, JERNIGAN,
KIM, GREENAN & LYNCH, P.A.


By: /s/
Mark W. Schweitzer (Bar No. 14402)


By: /s/
Clifford B. Glover III (Bar No. 19693)
6411 Ivy Lane, Suite 200
Greenbelt, MD  20770
(301) 441-2420
(301) 982-9450 (fax)
mschweitzer@mhlawyers.com
cglover@mhlawyers.com
*Attorneys for Plaintiff*